UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATNAM SINGH<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 2:25-cv-03724-DJC-JDP<br><br>ORDER |

Petitioner is an immigration detainee who received a bond hearing before an Immigration Judge pursuant to an order by this Court. At the bond hearing, the Immigration Judge denied bond, concluding that Petitioner was an extreme flight risk. Petitioner now files a Motion to Enforce Judgement and Supplemental Brief challenging the bond order he received as constitutionally inadequate. (Mot. (ECF No. 26); Suppl. (ECF No. 29).) For the reasons discussed below, Petitioner's Motion is GRANTED.

**BACKGROUND**

On April 22, Magistrate Judge Jeremy D. Peterson recommended that Petitioner's First Amended Petition for Habeas be granted and that Petitioner should be provided with a bond hearing. ." (ECF No. 20). On June 1, 2026, this Court adopted the Findings and Recommendation in full and ordered a bond hearing

"within fourteen days." (ECF No. 22). The Court further instructed that "the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present." (*Id.*)

On June 12, 2026, Petitioner appeared through a Punjabi interpreter for a bond hearing before an Immigration Judge ("IJ") of the Adelanto Immigration Court. (Digital Audio Recording of Bond Hr'g conducted on June 12, 2026 ("DAR June 12") (ECF No. 32).) Petitioner stated that he had learned of the hearing that day and had not received any letters about it. (*Id.*) After the IJ advised him of his right to counsel at no cost to the government, Petitioner stated that he would have retained an attorney had he known of the hearing. (*Id.*) He asked for more time to obtain counsel and stated that he expected to have counsel by Wednesday, June 17, 2026. (*Id.*) The IJ denied Petitioner's request for a continuance to that date because the fourteen-day timeframe ordered by this Court ended the following Monday, June 15, 2026. (*Id.*) The IJ stated that Petitioner should have been ready to proceed because he filed the habeas petition, and that the IJ did not know why Petitioner had not received the notice. (*Id.*) The IJ then organized the evidence submitted; Petitioner stated that he had not submitted any documents because he did not know about the hearing. (*Id.*) Petitioner then requested a continuance until Monday to obtain counsel and submit documents and said he could find an attorney by then. (*Id.*) DHS responded that, because Petitioner was detained, it was very unlikely he would find counsel by Monday, but that DHS deferred to the IJ. (*Id.*) The IJ agreed that it was highly unlikely but, noting that the June 1 order provides that Petitioner shall be allowed to have counsel present, continued the hearing to Monday, June 15, 2026, at 8:30 a.m. (*Id.*) The IJ declined Petitioner's request to set an afternoon start and warned that, because June 15 was the fourteenth day, the IJ would decide the case that day even if Petitioner still had no attorney. (*Id.*)

///

At the June 15 hearing, Petitioner again appeared without counsel. (Digital Audio Recording of Bond Hr'g conducted on June 15, 2026 ("DAR June 15") (ECF No. 33).) He explained that after the June 12 hearing he remained at court for one to two more hours and that attorney offices were not answering by the time he returned to his detention facilities and that these offices closed over the weekend. (*Id.*) The IJ stated that the hearing could not be continued further because June 15 was the fourteenth day provided by this Court's order and remarked that Petitioner should have been ready to proceed when he filed his habeas petition. (*Id.*) After hearing DHS' oral argument and eliciting testimony from Petitioner, the IJ denied bond based on his finding that Petitioner posed an extreme flight risk. (*Id.*)

Petitioner now moves to enforce the Court's order to provide him with a constitutionally sufficient bond hearing wherein Petitioner may have counsel present. (Mot. (ECF No. 26).) The briefing on this matter is complete. (Mot.; Suppl. (ECF No. 29); Opp'n (ECF No. 31); Notice (ECF No. 33); Reply (ECF No. 35).)

**DISCUSSION**

Respondents do not contest that Petitioner did not have notice of the hearing, but argue that no further process is due to Respondent because he was "provided a bond hearing within 14 days" with the correct burden of proof. (Opp'n at 4.) But the inquiry does not stop there. The Court must examine the record to determine whether Petitioner was denied counsel in violation of this Court's order and due process. *See Hidalgo v. Warden*, No. 1:26-cv-04755-DJC-SCR, 2026 WL 2547030, at *3 (E.D. Cal. Aug. 28, 2026) (finding that Petitioner's right to counsel was violated where the record showed he did not voluntarily waive the right to counsel").

The IJ denied Petitioner's request for a continuance until Wednesday, June 17, 2026, because the fourteenth day after this Court's order fell on Monday, June 15, and continued the hearing to that morning. (DAR June 12.) The IJ stated that he predicted it would be infeasible for Petitioner to get an attorney between Friday afternoon and Monday but suggested that the purpose of this compressed

continuance was to comply with this Court's order. (DAR June 12.) .) Therefore, the IJ appeared to assume that granting a continuance to allow Petitioner to retain counsel would violate this Court's order based on the fourteen-day deadline – even though that timeline, as the IJ noted, foreseeably deprived Petitioner of the right to counsel in contravention of this Court's order.

Accordingly, the Court clarifies that its deadlines did not foreclose the continuance requested by Petitioner and that granting such a continuance would have been consistent with its order. Immigration courts routinely grant petitioners' requests for continuances in court-ordered bond hearings, and those continuances have not run afoul of the Court's orders. *See, e.g.,* Status Report, *Gomez-Aviles v. Chestnut*, Docket No. 1:26-cv-07216-DJC-AC (E.D. Cal Oct. 5, 2026), ECF No. 12 (apprising the Court that a bond hearing would be held outside of the 14-day period ordered by the Court due to Petitioner's request for a continuance to ensure the presence of his attorney). Indeed, in some circumstances, a continuance can be necessary to protect petitioner's right to obtain counsel and present evidence on their behalf. *See, e.g., Hidalgo,* 2026 WL 2547030, at *3; *Obando v. Chestnut*, No. 1:26-cv-07094 (EJD), 2026 WL 2838414, at *3 (E.D. Cal. Sept. 22, 2026) (finding that the petitioner showed "a likelihood of success on her claims that the IJ's refusal to grant a short continuance both violated this Court's order and inhibited her ability to effectively advocate for herself at the hearing"); *Gjeci v. Gonzales*, 451 F.3d 416, 422–23 (7th Cir. 2006) (holding that an IJ's "insist[ence] that [the bond hearing] continue" without counsel "deprived [Petitioner] of his right to a fundamentally fair hearing").

The Court further notes that the due process issues in Petitioner's case stemmed from the lack of notice given to Petitioner, not to the fourteen-day timeframe ordered by the Court – which doubles the seven days the Court has previously allowed for these hearings. The Court has recently extended its timeframe to accommodate Respondents' ability to facilitate adequate and orderly proceedings. Despite this lengthier window, the bond hearing ordered by this Court on June 1,

2026, took place on Friday, June 12, 2026, at 1:30 p.m., functionally the second-to-last court day within the period ordered by the court. (DAR June 12.) During that hearing, Petitioner repeatedly stated that he had received no notice and had learned of the hearing that day. (*Id.*) Had Petitioner received notice before the hearing, he represented that he would have been able to retain counsel. (*Id.*). Accordingly, the Court clarifies that, as part of Petitioner's right to have counsel present, Petitioner must receive notice in advance of his bond hearing.

The Court finds that the IJ's refusal to grant the continuance violated this Court's order and Petitioner's due process right to be represented by counsel at no cost to the Government. The Court therefore orders Respondents to provide Petitioner with a second bond hearing.

**Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Amended Motion to Enforce Judgment (ECF No. 26) is GRANTED. Within fourteen (14) days, Respondents must provide Petitioner with an individualized bond hearing before an Immigration wherein the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present.

2. Respondents must provide Petitioner at three (3) business day's notice before the bond hearing occurs.

3. If the hearing does not occur within fourteen (14) days, Petitioner must be immediately released. For the reasons discussed above, this would not apply if Petitioner himself requests a continuance of the hearing beyond the fourteen-day period, in which case the continuance should be granted to the extent reasonably necessary to ensure adequate preparation and the presence of counsel.

///

///

5. Within five (5) days of the bond hearing, the Government must file a notice confirming that Petitioner has been granted the individualized bond hearing required by this Order and the outcome of the hearing.

IT IS SO ORDERED.

Dated: **October 8, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-SatnamSingh2:25-cv-03724-DJC-JDP.merits